IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THE PICKARD IRREVOCABLE TRUST #1,

    Plaintiff,

vs.                                                                          Civ. No. 02-1089  MV/RHS

SBA PROPERTIES, INC.,

    Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant SBA's Motion for Costs and Attorney's Fees, filed September 26, 2005, **[Doc. No. 33]**.  The Court, having considered the motion, response, reply, relevant law, and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED in part**.

### FACTUAL BACKGROUND

This matter involved a dispute over the sale of a cell tower located in Sandoval County, New Mexico.  Plaintiff Pickard Irrevocable Trust #1 ("Pickard Trust") filed an action in New Mexico state court alleging, in part, breach of contract, breach of duty of good faith and fair dealing, promissory estoppel, and unconscionability and seeking a declaratory judgment as to whether the Purchase and Sale Agreement ("Agreement") required binding arbitration of the instant dispute.  Defendant SBA Properties, Inc., ("SBA") removed the action to this Court and filed a motion to compel arbitration of the dispute according to the terms of the Agreement and to stay all further proceedings in this matter until completion of the arbitration.  Pickard Trust initially opposed this motion but later agreed to stay this action pending completion of the arbitration.  *See* Consent Order Staying Proceedings, filed July 15, 2003, [Doc. No. 10].  The

dispute proceeded to arbitration on June 4, 2003, in Palm Beach, Florida. The arbitrator ruled in favor of SBA and awarded SBA attorney's fees and costs in the amount of $41,485.97.

On November 25, 2003, Pickard Trust filed a motion in this Court to vacate the arbitrator's awards pursuant to 9 U.S.C. § 10.  In a Memorandum Opinion and Order filed on September 2, 2004, the Court determined that it had jurisdiction to confirm or vacate the arbitration award but that the award was not definite because the arbitrator did not explicitly address the question of whether SBA made a "commercially reasonable effort" to locate a tenant for the cell tower.  The Court remanded the matter to the arbitrator for completion.

On December 17, 2004, the arbitrator issued a Supplemental Arbitration Award finding that SBA used commercially reasonable efforts to market the cell tower.  *See* December 17, 2004 Supplemental Arbitration Award.  SBA subsequently renewed its motion for an order confirming the arbitration awards, which the Court granted.

Under the Agreement, a prevailing party in any litigation or arbitration arising out of the Agreement is entitled to recover the attorney's fees and costs reasonably incurred during the litigation or arbitration.  The arbitration awards included an award of SBA's attorney's fees incurred during the arbitration.  In its Order confirming the arbitration awards, the Court retained jurisdiction of this case for the limited purpose of deciding the amount of reasonable attorney's fees and costs to be awarded to SBA for this litigation in the event the parties were unable to resolve the matter without involvement of the Court.  The parties were unable to agree upon the amount of reasonable attorney's fees and costs incurred by SBA in the litigation and SBA filed the instant motion seeking to recover fees and costs.

**DISCUSSION**

SBA seeks attorney's fees and costs in the amount of $28,082.63. SBA's fee request is accompanied by billing records and affidavits from counsel stating that the records were contemporaneously recorded and supporting the reasonableness of the rates and hours billed.[1] Pickard Trust challenges both the reasonableness of the attorney rates paid and the reasonableness of the time expended on the litigation by SBA's counsel.

In a diversity action, state law determines how attorney's fee awards are calculated. *See Hefley v. Jones*, 687 F.2d 1383, 1389 (10th Cir. 1982)("State law is to be looked to in determining the propriety of an award of attorney's fees in a diversity suit."); *Rockwood Ins. Co. v. Clark Equip. Co.*, 713 F.2d 577, 579 (10th Cir. 1983) ("In a diversity action, the right to recover attorneys' fees as a part of costs depends on state law."). Under New Mexico law, the following factors are considered in determining the reasonableness of an attorney's fee award:

> (1) the time and labor required--the novelty and difficulty of the questions involved and skill required;
>
> (2) the fee customarily charged in the locality for similar services;
>
> (3) the amount involved and the results obtained;
>
> (4) the time limitations imposed by the client or by the circumstances; and
>
> (5) the experience, reputation and ability of the lawyer or lawyers performing the services.

*Thompson Drilling Inc. v. Romig*, 105 N.M. 701, 705, 736 P.2d 979, 983 (1987).

---

[1] The original billing records from SBA's Florida counsel as well as an affidavit explicitly stating that counsels' time is contemporaneously recorded were attached to SBA's reply brief.

I. <u>Time and Labor Required</u>

The record reveals that SBA removed the action to this Court, filed a contested motion to compel arbitration of the dispute in Florida, and twice moved to have the arbitrator's awards confirmed. The issues raised in the case were relatively complicated and thoroughly briefed by the parties.

While the time and labor required to litigate the case substantially supports the fee award requested, there are some areas where excessive time and labor appears to have been spent. For example, several times Mr. Yost billed for collating materials and Mr. Grimmer billed for researching basic federal civil procedure. And, while overall the time records submitted are sufficiently detailed, as identified by Pickard Trust, there are some vague, inconsistent, and potentially duplicative time entries. To adjust for these individually minor, but cumulatively significant, billings, the Court will reduce SBA's fee award by 2%.

Pickard Trust contests the 3.7 hours SBA's litigation counsel spent reviewing documents related to the arbitration proceeding. When litigation and arbitration proceed simultaneously, it is necessary and reasonable for litigation counsel to remain apprised of the status of the arbitration. Even if the arbitration and litigation had not proceeded simultaneously, it was necessary for litigation counsel to be familiar with the arbitration proceeding in order to prepare for the litigation over the arbitration award. The 3.7 hours SBA's litigation counsel devoted to keeping apprised of the status of the arbitration is reasonable and will not be stricken.

Next, Pickard Trust asserts that the time SBA's counsel spent filing a motion to compel arbitration should be stricken as part of an unnecessary "stall tactic" because five months later SBA filed a motion to stay the arbitration. This argument ignores the reality of the situation

4

facing SBA. Pickard Trust filed a complaint asserting that the arbitration clause was unenforceable while simultaneously filing an arbitration under the clause. It was not unreasonable for SBA to try to avoid expending resources participating in the arbitration while litigating the enforceability of the arbitration clause. Under these circumstances, the Court cannot say that the time SBA spent filing its motion to compel arbitration was unnecessary and the time devoted to this task will not be stricken.

II. Fee Customarily Charged

SBA retained Florida counsel (Mr. Fitzgerald and Ms. Ferguson) for the arbitration and New Mexico counsel (Reverdy Johnson, Melvin E. Yost, Donald A. Walcott and Christoper Grimmer) for the litigation. SBA's Florida counsel, however, also assisted with the litigation in New Mexico.

SBA has provided affidavits from its New Mexico counsel stating that their requested hourly rates are consistent with the market rate in New Mexico for attorneys of their skill and experience doing work of this type and complexity.[2] Pickard Trust does not challenge the reasonableness of New Mexico counsel's billing rates. These billing rates are consistent with the Court's knowledge of the New Mexico legal market and the Court accepts these rates as reasonable.

Pickard Trust asserts that the reasonable hourly rate for SBA's Florida counsel while

---

[2] The dates of first admission to the practice of law and hourly rates for SBA's New Mexico counsel are:

| | | |
|---|---|---|
| Reverdy Johnson | 1963 | $250.00 |
| Melvin E. Yost | 1973 | $200.00 |
| Donald A. Walcott | 1996 | $145.00 |
| Christoper Grimmer | 1995 | $145.00 |

5

assisting with the New Mexico litigation is the prevailing New Mexico rates for attorneys of comparable skill and experience.  Under New Mexico law, a reasonable attorney's fee award is calculated based on prevailing rates in the community where the litigation took place.[3]  *See Thompson Drilling Inc. v. Romig*, 105 N.M. at 705 (to determine a reasonable attorney's award, courts should consider the fee customarily charged in the locality for similar services).  SBA has provided no grounds for the Court to deviate from the general rule in this case.  Consequently, SBA's Florida counsel's hourly rates will be adjusted to those of attorneys of comparable skill and experience in New Mexico.

The qualifications and skills of the Florida and New Mexico counsel appear similar so the Court will adjust the billing rates of Florida counsel based on their experience.  The Court finds that a reasonable hourly rate for Mr. Fitzgerald, who has been practicing since 1988, is $190 an hour--a rate between that of Mr. Yost who has fifteen years more experience and Ms. Walcott who has eight years less experience.  A reasonable rate for Ms. Ferguson, who has been practicing since 2000, is $130 an hour--slightly less than Ms. Walcott who has five years more experience.

III.  The Amount Involved and the Results Obtained

Pickard Trust sought an award of $337,500.00 against SBA, plus costs and attorney's fees.  SBA prevailing on every substantive issue in the case--the arbitration took place and the

---

[3] SBA's argument that Pickard Trust has waived any challenge to the fees charged by SBA's Florida counsel because Pickard Trust did not object to the reasonableness of the fees prior to the Court entering judgment awarding SBA its fees incurred in the arbitration is unavailing.  There is no question that for purposes of the arbitration, which occurred in Florida, SBA's Florida counsel were entitled to their Florida rates.  The question now before the Court is whether SBA's Florida counsel are entitled to their Florida rates when assisting with the litigation that occurred in New Mexico.

Court confirmed the arbitrator's awards. The amount involved and the results obtained support an award of the requested attorney's fees and costs.

IV.  Time Limitations

There is no evidence of any significant time limitations imposed by the client or the circumstances.

V.  Experience, Reputation, and Ability of Lawyers

Pickard Trust does not challenge SBA's counsel's experience, reputation or ability and the evidence submitted by the parties clearly establishes that SBA's counsel has the requisite experience, reputation, and ability to support the requested fees.

## CONCLUSION

When Mr. Fitzgerald and Ms. Ferguson's hourly rates are reduced to prevailing rates in New Mexico,[4] and a 2% deduction is made for excessive, duplicative and/or vague billings,[5] SBA's attorney's fees and costs total $26,592.04.[6]  The Court will not award SBA its attorney's fees and costs for filing the instant motion.

**IT IS THEREFORE ORDERED** that Defendant SBA's Motion for Costs and Attorney's Fees, filed September 26, 2005, **[Doc. No. 33]**, is hereby **GRANTED in part.** Defendant SBA Properties, Inc., is hereby awarded attorney's fees and costs in the amount of

---

[4]  ($190 x 8.7) + ($130 x 4.4) = $2,225.00

[5]  ($24,279.26 + $2,225.00) x .02 = $530.09

[6]  ($24,279.26 + $2,225.00) + ($490.45 + $127.42) - $530.09 = $26,592.04

$26,592.04.  In all other respects, the motion is denied.

Dated this 24th day of March, 2006.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE


Attorney for Plaintiff:
    William J. Arland, III
    Michelle Henrie


Attorney for Respondent:
    Mel E. Yost